# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| CLARION BOARD, INC., a Delaware corporation, | )<br>)<br>) |
| Plaintiff, | ) Civil Action No. 12-1621 |
| | ) Judge Nora Barry Fischer |
| v. | ) |
| ANTHONY STURRUS, a resident of North Carolina, | )<br>)<br>) |
| Defendant. | ) |

## MEMORANDUM ORDER

AND NOW, this 19th day of March, 2013, upon consideration of Plaintiff's Motion for Default Judgment Against Defendant Pursuant to Fed. R. Civ. P. 55(b)(2) (Docket No. 13) filed in the above captioned matter on January 9, 2013, the Clerk's Entry of Default against Defendant having been entered on January 10, 2013 (Docket No. 15), Defendant's Motion to Set Aside Default Judgment (Docket No. 25), and Brief in Support (Docket No. 26), Plaintiff's Brief in Opposition to same (Docket No. 27), the arguments from counsel at a hearing on February 12, 2013 (Docket No. 33), Defendant's Amended Motion to Set Aside Default Judgment and attachments (Docket Nos. 30, 31) and Plaintiff's Brief in Opposition to Amended Motion to Set Aside Default Judgment and attachments (Docket No. 34) and for the reasons set forth on the record during the hearing and as supplemented below, Defendant's Motion [25] is granted and the default entered by the Clerk of Court on January 9, 2013 will be lifted.

As the Court recounted during the motion hearing,[1] the decision of whether to lift an entry of default by the Clerk of Court pursuant to Rule 55(c) of the Federal Rules of Civil Procedure is committed to the discretion of the Court and a default may be set aside upon a showing of good cause by the defaulting party. *See* FED. R. CIV. P. 55(c) ("The court may set aside an entry of default for good cause, and it may set aside a

---

1　Given that the Court writes primarily for the parties and because the Court previously made factual findings on the record concerning the facts and circumstances involved in the default proceedings in this case, the Court limits its

1

default judgment under Rule 60(b)."). The resolution of cases based on a party's default, rather than a determination of the merits is disfavored in the Third Circuit and the Court of Appeals has counseled District Courts to set aside default judgments even in "doubtful cases." *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 194-95 (3d Cir. 1984). While this standard is not onerous, the Court is directed to consider three factors to determine if lifting the default is appropriate: "(1) whether the plaintiff will be prejudiced; (2) whether the defendant has a meritorious defense; [and] (3) whether the default was the result of the defendant's culpable conduct." *World Entm't Inc. v. Brown*, 487 F. App'x 758, 761 (3d Cir. 2012) (quoting *$55,518.05 in United States Currency*, 728 F.2d at 195). Having now had the opportunity to consider all of the parties' submissions and after weighing the above cited factors, the Court finds that lifting the default in this case is appropriate.

The Court addresses the second factor of whether Defendant has set forth a meritorious defense to the suit first because it is the "threshold issue in opening a default judgment." *Hritz v. Woma Corp.*, 732 F.2d 1178, 1180 (3d Cir. 1984). "The showing of a meritorious defense is accomplished when 'allegations of defendant's answer, if established on trial, would constitute a complete defense to the action.'" *United States v. $55,518.05 in U.S. Currency*, 728 F.2d 192, 195 (3d Cir. 1984) (quoting *Tozer v. Charles A. Krause Milling Co.*, 189 F.2d 242, 244 (3d Cir. 1951) and citing *Farnese v. Bagnasco*, 687 F.2d 761, 764 (3d Cir. 1982)). Here, Defendant's proposed Answer sets forth a complete defense to the Plaintiff's breach of contract and breach of fiduciary duty claims because he has expressly denied that the information contained in the challenged brochure included the confidential and proprietary information of Plaintiff. (Docket No. 25-2). In addition, Defendant has further alleged that the version of the brochure which Plaintiff challenges is a "draft" rather than a final version. (*Id.*). The Court further notes that while "confidential information" is broadly defined in the parties' Executive Agreement, and would include the financials of Plaintiff and future financial prospects, it is also limited by the caveat (not cited in Plaintiff's Complaint) that such term "does not include (A) information which is or becomes generally known to the public through no act or omission of [Defendant]

---

discussion to the relevant law and facts necessary to resolve the pending motions. (*See* Docket No. 33).

and (B) information which has been or hereafter is lawfully obtained by [Defendant] from a source other than the Clarion Companies or [ … ] Affiliates…" (Docket No. 1-2 at 5). As such, the Court finds that Defendant has raised both factual and legal defenses to all of Plaintiff's claims in this case and this is enough to satisfy the Third Circuit's light standard on the meritorious defense prong because Defendant is not required to prove his case at this point, but only to present facts which, if proven, would be a full defense to the claims asserted. *See Hritz*, 732 F.2d at 1181; *see also World Entm't Inc*, 487 F. App'x at 761 (finding that defendant had failed to establish a meritorious defense to the case because she untimely responded to only 1 of the 13 claims in the complaint).

With respect to the first factor, "[p]rejudice is established [ … ] when a plaintiff's 'ability to pursue the claim has been hindered .... [by, for example,] loss of available evidence, increased potential for fraud or collusion, or substantial reliance upon the judgment.'" *Nationwide Mut. Ins. Co. v. Starlight Ballroom Dance Club, Inc.*, 175 F. App'x 519, 524 (3d Cir. 2006) (quoting *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir.1982)). Here, although this factor gives the Court some pause given Defendant's admitted deletion of a company-owned iPad, which was discussed at the motion hearing and further addressed by Plaintiff in its post-hearing submissions, the record does not *presently* support a finding that Defendant's actions have caused any *actual* prejudice to the Plaintiff in the case which is before this Court rather than the AAA arbitration proceeding before arbitrator Stephen H. Jordan, Esquire. (*See* Docket Nos. 33, 34, Pl. Exs. C-F, H-J).

As Plaintiff's counsel admits, the instant case wherein an injunction is sought against Defendant due to his alleged disclosure of confidential and proprietary information of Plaintiff to third parties, (*see* Docket No. 1), is distinct from the arbitration wherein Plaintiff is seeking to recoup company funds which were allegedly misappropriated by Defendant and whether he was appropriately terminated for cause. (*See* Docket No. 33 at 24 (Plaintiff's counsel stating that "matters related to the arbitration, [ … ] are wholly different from what we're talking about in this lawsuit.")). Additionally, despite being given the opportunity to do so at the hearing and its post-hearing submission, Plaintiff has not, to this point, averred with any specificity that its claims in

this case (breach of contract and breach of fiduciary duty) will be hindered or foreclosed by the deletion of the iPad. (*See* Docket Nos. 33, 34). In fact, the issue was not raised in Plaintiff's initial response to the Defendant's motion to lift the default,[2] (*see* Docket No. 27), and was only discussed by Plaintiff's counsel at the hearing upon questioning by the Court, (*see* Docket No. 33 at 7). Even then, counsel admitted that the brochure which forms the basis of the instant case was maintained in hard copy and he had no information that it was even maintained on the iPad. (Docket No. 33 at 14).

The established timeline of events concerning the iPad also suggests that Plaintiff did not anticipate that it suffered any *actual* prejudice to this case by the deletion of the iPad prior to the Court's questioning of same. The record shows that Plaintiff has been aware of the deletion of the iPad since at least January 7, 2013 prior to its seeking the entry of default and a default judgment in this case on January 9, 2013. (Pl. Ex. D, F, H, I, J). Plaintiff then actively litigated a request for sanctions against Defendant in the arbitration proceeding starting with emails on January 15 and leading up to a formal request for sanctions against Defendant on January 24, 2013. (Docket No. 34-4, Def Ex. D at 2-3). Again, these dates all precede the deadlines for the submission of Plaintiff's materials for the February 12, 2013 hearing on the default judgment in this case, which was instead focused primarily on the Defendant's motion to lift the default. (*See* Docket Report, Civ. A. No. 12-1621). It appears to the Court that Plaintiff has not argued that it will definitively be prejudiced by Defendant's deletion of the iPad because it cannot, in good faith, make such argument without some discovery on the issue. Accordingly, Plaintiff has made, at most, a showing of potential prejudice which cannot be proven at this time.

The Court further recognizes that there are still likely available means for Plaintiff to discover the facts necessary to prosecute the instant case. To this end, Plaintiff has not yet deposed Defendant on these issues and written discovery is ongoing in light of the Court's prior Order setting deadlines for same. (*See* Docket No. 29). Plaintiff likewise admits that Defendant worked from a personal computer and there has been no

---

[2] In this regard, Plaintiff alleged only that it was prejudiced as a result of "time and money" spent litigating this case to determine if its alleged confidential information had been disclosed to third parties caused by the delays in this case. (Docket No. 27 at 2-3). However, "[d]elay in realizing satisfaction on a claim rarely serves to establish [a

suggestion that this device has been tampered with or is otherwise unavailable. (Docket Nos. 33, 34). Finally, third party discovery could be sought from Gallatin and Defendant's partners in that entity to further discover the extents, if any, of the alleged dissemination of the challenged brochure which allegedly contained Plaintiff's confidential and proprietary information.

While the Court is chagrined and indeed displeased with the state of the iPad and does not foreclose the opportunity for potential sanctions in the future as a result of Defendant's actions with respect to same, such as an adverse inference due to spoliation of evidence, *see Swindell Dressler Intern. Co. v. Travelers Cas. And Sur. Co.*, 827 F. Supp. 2d 498, 505-07 (W.D. Pa. Oct. 31, 2011), the Court cannot now conclude that prejudice has been established consistent with Third Circuit precedent. *See Nationwide*, 175 F. App'x at 524. However, now that Defendant has been ordered to pay sanctions by the arbitrator, including its costs incurred by having a third party forensically examine the iPad, (*see* Pl Ex. J), it would likely be inappropriate to impose duplicative financial sanctions on this issue.

The final inquiry is whether the default was entered as a result of Defendant's culpable conduct. "[T]he standard for 'culpable conduct' in this Circuit is the 'willfulness' or 'bad faith' of a non-responding defendant." *Hritz*, 732 F.2d at 1182. Mere negligence does not suffice. *Id.* at 1183. "'Willfulness' and 'bad faith' include acts intentionally designed to avoid compliance with court notices" or a showing that a party exhibited a "reckless disregard for repeated communications from plaintiffs and the court," coupled with a "failure to investigate the source of a serious injury." *Id.* While it is true that Defendant did not timely respond to Plaintiff's Complaint in accordance with the Federal Rules of Civil Procedure, the Court finds that there is not sufficient evidence of culpable conduct in this record from which the Court could properly refuse to lift the Clerk's entry of default against him.

Before reaching the merits of that decision, the Court rejects Defendant's argument that Plaintiff's failure to serve a copy of the lawsuit on the attorney listed on the Executive Agreement, Thomas Kilpatrick, Esquire, is sufficient, in and of itself, to warrant lifting the default or to demonstrate that he acted in good faith.

---

sufficient] degree of prejudice." *Feliciano v. Reliant Tooling Co.*, 691 F.2d 653, 656-57 (3d Cir.1982).

(Docket No. 34). On this point, the Court agrees with Plaintiff that because Defendant has not contested that he was properly served with the Complaint, even if service on Mr. Kilpatrick was necessary under the contract, the failure to do so would not provide grounds to invalidate an otherwise properly entered default judgment. (*Id.*). In addition, there is no evidence of record suggesting that Defendant failed to respond to the Complaint because he was under the assumption, faulty or not, that Kilpatrick was handling his case. (Docket Nos. 30, 31). With that said, however, the Court is not persuaded by Plaintiff's arguments that Defendant has engaged in culpable conduct in this case. *See Hritz*, 732 F.2d at 1182-83.

The Court likewise agrees with Plaintiff to some extent that the medical excuse provided by Defendant at this juncture is somewhat weak and perhaps undermined, in part, by his participation in the arbitration proceedings before Mr. Jordan. (Docket No. 34). However, the fact remains that Defendant has been *pro se* since at least December 3, 2012 and that Plaintiff's counsel was aware of his *pro se* status since they were alerted to same by Defendant's former counsel, William Wycoff, Esquire, around that time. Plaintiff likewise understands that Defendant, although a successful businessman, has no formal legal training. (Docket Nos. 33 at 4-5; 34). While Plaintiff has submitted several email communications and letters to the Court describing deadlines and other issues concerning Defendant's participation (or lack thereof) in the arbitration proceedings, there are no such communications with respect to this federal lawsuit – aside from the proof that the Complaint was served on Defendant. (*See* Docket No. 34). It appears that Plaintiff merely served the Complaint on Defendant and then, after it received no response from him and the letter from the Court's deputy advising it to take default, proceeded to seek a default judgment against him. (*See* Docket Report at Civ. A. No. 12-1621). Defendant's medical excuse establishes his head injuries and subsequent hospitalization. (Docket Nos. 30, 31). According to his doctor, Defendant's symptoms caused him some problems with his short term memory and concentration for a period of sixty days and the timing of this incident was after the Complaint was served on him and continued beyond the deadline for the filing of his Answer in this case. (Docket Nos. 30, 31). Although Defendant has not presented this excuse to the arbitrator, through his new counsel or otherwise, he has basically failed to meaningfully participate in those proceedings, causing sanctions to be entered against

him, including that he is prevented from presenting any evidence aside from his own testimony at the arbitration hearing. (Docket No. 34). Therefore, it is hard for the Court to conceive of how Defendant's very limited *pro se* participation in those proceedings shows that he has willfully failed to participate in this case.

Finally, the Court issued only one Order in this matter before the hearing on default judgment was held and it cannot be said that Defendant willfully violated all aspects of that Order. (*See* Docket No. 16). While it is true that Defendant did not timely submit any exhibits or a list of witnesses to be used during that proceeding, he secured counsel who was present for the hearing on February 12.[3] (Docket No. 33). He has not disregarded any other Order of Court in this case and cannot be said to have shown a reckless disregard for all court orders, as Plaintiff suggests. Instead, it appears to the Court that Defendant is now represented by counsel and prepared to proceed with his defense of this case.

In light of same, the Court cannot find more than negligence for Defendant's lack of action in timely responding to Plaintiff's Complaint. *See Hritz*, 732 F.2d at 1182-83.

Based on the foregoing,

IT IS HEREBY ORDERED that Defendant's Motion [25] is GRANTED to the extent that he seeks to lift the Default entered by the Clerk on January 10, 2013 and the Default entered by the Clerk on January 10, 2013 is hereby VACATED.

IT IS FURTHER ORDERED that Plaintiff's Motion for Default Judgment [13] is DENIED, as moot.

IT IS FURTHER ORDERED that Defendant shall file his Answer to Plaintiff's Complaint by **March 26, 2013 at 5:00 p.m.**

*s/ Nora Barry Fischer*
Nora Barry Fischer
United States District Judge

cc/ecf: All counsel of record.

---

[3] The Court notes that Defendant did not appear at the February 12, 2013 hearing. (Docket No. 33). However, his counsel explained that his failure to appear in person was as a result of her faulty advice to him that he would not be needed, in person, for the hearing. Given same, the Court will not hold it against Defendant that he did not personally appear although the better course for his counsel would be to consult with the Court's staff as to such matters in the future. Defense counsel should have filed a motion in this regard or sent a fax to this Court's Chambers.